JIM HAYNES v. THE STATE.

No. 926.    Decided February 8, 1911.

Rehearing denied October 4, 1911.

**1.—Keeping Disorderly House—Intoxicating Liquors—Licence—Recognizance.**

Where, upon appeal from a conviction for keeping a disorderly house, the recognizance failed to state the amount of the punishment inflicted, the same was insufficient; however, upon the filing of a proper recognizance, the appeal was reinstated.

**2.—Same—Statement of Facts—Filing.**

Where the statement of facts was filed twenty days after the adjournment of

the County Court, and not within said time, the same could not be considered on appeal.

**3.—Same—Information—Repeal—Vagrancy Act.**

The Act of 1907, p. 246, was not repealed by the Vagrancy Act of 1909, p. 111, and there was no error in overruling the motion to quash on this ground. Following Parshall v. State, 62 Texas Crim. Rep., 177.

**4.—Same—Information—Felony.**

Upon trial of keeping a disorderly house, there was no error in overruling a motion to quash on the ground that the disorderly house statute conflicted with the Act of 1909, pp. 284 and 356.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of keeping a disorderly house for the sale of intoxicating liquors; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*H. H. Cooper,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of insufficient recognizance: Swain v. State, 38 S. W. Rep., 609; Cannady v. State, id., 610; Clark v. State, 56 S. W. Rep., 623; Walker v. State, id., 913; McDade v. State, id., 916.

PRENDERGAST, JUDGE.—This is a misdemeanor case. The appellant was charged and convicted in the County Court of Potter County with unlawfully keeping and knowingly permitting to be kept, etc., a house in said county in which spirituous, vinous and malt liquors were sold and kept for sale without a license first having been obtained therefor, and his punishment fixed at a fine of $200 and twenty days in jail.

The Assistant Attorney-General has made a motion to dismiss this appeal on the ground, among others, that the recognizance in this case does not state the amount of the punishment inflicted in the court below.

The motion is well taken. See Kid Moffett v. State, and authorities cited, this day decided. The appeal is therefore dismissed.

*Dismissed.*

PRENDERGAST, JUDGE.—By complaint and information filed in the County Court appellant was charged with unlawfully keeping and was concerned in keeping, and aiding, abetting and assisting in keeping, and knowingly permitted to be kept, a disorderly house in Potter County, in which spirituous, vinous and malt liquors were sold and kept for sale without a license first having been obtained therefor. He was tried and convicted, and his penalty assessed at a fine of $200 and twenty days imprisonment in the county jail.

At a former day of the last term of the court this cause was dismissed because of an insufficient recognizance. The appellant afterwards perfected his appeal by entering into a proper recognizance and furnishing this court with proper evidence thereof. On appellant's motion the case is, therefore, reinstated, and will be considered on its merits.

The term of the court at which appellant was tried adjourned on June 4, 1910. There is no statement of facts contained in the record. There is with the papers, however, what purports to be a statement of facts in the case filed in the lower court on July 2, 1910, more than twenty days after the adjournment of court. It can not be considered. Wagoner v. State, this day decided.

The appellant made a motion in the lower court to quash the complaint and information because the statute under which this prosecution was held—the Act of 1907, p. 246—was repealed by the vagrancy Act of 1909, p. 111. This question was fully considered by this court and held adversely to this contention in the case of Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W. Rep., 759.

Another ground of the motion to quash is that it is in conflict with the Act of 1909, p. 284, prohibiting and making it a felony to pursue the occupation of unlawfully selling intoxicating liquors in prohibition territory. There is nothing in this contention, as the offense prescribed by the Act of 1909 is entirely different from the offense charged in this case. Neither is it in conflict with the Act of 1909, p. 356, making it a felony to unlawfully sell intoxicating liquors in prohibition territory.

The complaint, information, charge of the court, verdict and judgment being regular, none of the other questions raised by appellant in his bills of exception and motion for a new trial can be considered in the absence of a statement of facts.

The judgment will therefore be in all things affirmed.

*Affirmed.*